Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
EDWIN BLANCO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN BLANCO, | Case No. 2:25-cv-10739 |
| *Plaintiff*, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| COI LERAY COLLINS, | |
| *Defendant*. | *Jury Trial Demanded* |

Plaintiff Edwin Blanco for his Complaint against Defendant Coi Leray Collins, alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

## PARTIES

2. Plaintiff Edwin Blanco is a freelance photographer and regularly licenses photographs to numerous top-tier outlets. Throughout his illustrious career, he has had the privilege of working with an array of globally recognized and prestigious clients, including industry leaders and iconic brands. His exceptional talent in photography has been sought after by countless celebrities throughout the world.

These collaborations underscore Mr. Blanco's unmatched talent and impeccable reputation within the industry. His photographs have graced magazine covers and marketing materials of world-renowned brands, a testament to his remarkable skill and ability to consistently deliver extraordinary visual content.

3.     Mr. Blanco often licenses his photographs for a variety of reasons, including for celebrity news stories.

4.     Mr. Blanco is domiciled in the State of California and resides in Los Angeles.

5.     Defendant Coi Leray Collins is a Grammy-nominated musical artist.

6.     On information and belief, Ms. Lopez is domiciled in the State of California and resides in the city of Los Angeles.

7.     On information and belief, Ms. Collins owns, operates, or is responsible for the content that appears on the account @coileray on the social media platform Instagram.

8.     This Court has personal jurisdiction over Ms. Collins because she is domiciled and resides in this State and this judicial district.

9.     Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

10.     Mr. Blanco owns and holds the copyright of a photographic image depicting a scantily clad Ms. Collins posing in the door of a car in  (the "Image").

11.     Within 90 days of first publication, the Images were registered with the U.S. Copyright Office as Reg. No. VA 2-328-382 (eff. Nov. 11, 2022).

12.     Ms. Collins used the Image for her own purposes without seeking a license or otherwise obtaining permission.

13.     Specifically, on or around October or November 2022, Ms. Collins, or someone acting with her authority and on her behalf, copied the Image and posted it to her social media account on Instagram, @coileray.

14.    The Image was used to promote Ms. Collins's public appearances, boost user engagement, increase shareability, and lend credibility to her branded content— each of which enhanced the growth, reach, and perceived authority of Ms. Collins's digital presence.

15.    Ms. Collins's unauthorized use of the Image is commercial in nature, intended for the purpose of self-promotion. For example, Ms. Lopez used the Images to spotlight the designer of her clothing and jewelry, leveraging the publicity from the event to promote her fashion affiliations and brand partnerships.

16.    Plaintiff discovered Ms. Collins's unauthorized use of the Image on November 7, 2022.

### CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

17.    All prior paragraphs are incorporated into this claim.

18.    Plaintiff is the copyright owner of the protected Image named above in this Complaint.

19.    Defendant has reproduced, displayed, or otherwise copied the Image without Plaintiff's authorization or license.

20.    The foregoing acts of Defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

21.    Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyright of the above-referenced work in accordance with 17 U.S.C § 408.

22.    Plaintiff suffered damages as a result of Defendant's unauthorized use of the Image.

23. Having timely registered copyright in the infringed Image, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work.

24. Plaintiff alleges, on information and belief, that Defendant's actions were intentional or in reckless disregard of Plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

25. In the alternative, Plaintiff is entitled to recovery of his actual damages and Defendant's profits attributable to the infringement of the infringed Image, under 17 U.S.C. § 504(b).

26. Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

27. Plaintiff is also entitled to an award of attorney fees and other expenses under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

### (Vicarious and/or Contributory Copyright Infringement)

28. All prior paragraphs are incorporated into this claim.

29. If Defendant is not liable as direct infringer of the Image, she is secondarily liable for the infringement directly committed by individual employees, contractors, or other infringers presently unknown (the "Direct Infringers").

30. Defendant contributed to, induced, or assisted infringement by the Direct Infringers. Those Direct Infringers infringed while acting under Defendant's direction and control and/or using technology, facilities, and support services provided by Defendant.

31. Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, Defendant had the right and ability to supervise the

infringing activity of the Direct Infringers because the infringement occurred on social media accounts that she owns and operates.

32.    Defendant obtained some financial benefit from the infringement of Plaintiff's rights in the Image because the Image was a draw for viewers to the social media account, regardless of the revenue received from any specific use, and because the social media accounts were for the purpose of marketing Defendant. Accordingly, Defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

33.    As a direct and proximate result of said acts of secondary infringement, Plaintiff has suffered substantial damages in an amount to be proven at trial.

34.    Having timely registered copyright in the infringed Image, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work.

35.    Plaintiff alleges, on information and belief, that Defendant's actions were intentional or in reckless disregard of Plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

36.    In the alternative, Plaintiff is entitled to recovery of his actual damages and Defendant's profits attributable to the infringement of the infringed Image, under 17 U.S.C. § 504(b).

37.    Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

38.    Plaintiff is also entitled to an award of attorney fees and other expenses under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

A.    For a preliminary and permanent injunction against Defendant and anyone working in concert with her from further copying or displaying the Image;

B.    For an order requiring Defendant to account to Plaintiff for her profits and any damages sustained by Plaintiff arising from the act of infringement;

C.    As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Image used in violation of Plaintiff's copyright—including digital copies or any other means by which they could be used again by Defendant without Plaintiff's authorization—as well as all related records and documents;

D.    For actual damages and all profits derived from the unauthorized use of the Image or, where applicable and at plaintiffs' election, statutory damages;

E.    For an award of pre-judgment interest as allowed by law;

F.    For actual or reasonable attorney fees, court costs, expert witness fees, and all other costs authorized by agreement or under law;

G.    For such other and further relief as the Court deems just and proper.


**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.


Dated:  November 7, 2025          Respectfully submitted,

**PERKOWSKI LEGAL, PC**


By:    /s/ Peter Perkowski
Peter E. Perkowski
Attorneys for Plaintiff
EDWIN BLANCO